UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EMILY RICH and MICHAEL PIETRANTONIO, on behalf of themselves and all others similarly situated, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 13-30144-MGM |
| LOWE'S HOME CENTERS, INC., | * * | |
| Defendant. | * | |

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
(Dkt. No. 49)

April 22, 2015

MASTROIANNI, U.S.D.J.

Plaintiffs in the above-captioned action have submitted an unopposed Motion for entry of an Order Granting Preliminary Approval of Class Action Settlement, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval. After consideration of the Settlement Agreement and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. **Defined Terms:** This Court adopts the defined terms set forth in the Settlement Agreement, including Paragraph II, for purposes of this Order, unless otherwise specified herein.

2. **Preliminary Approval of Settlement:** The terms of the Settlement Agreement are preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the proposed Settlement is sufficiently within the range of

reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Final Approval Hearing, and the circulation of the "Notice Package" to the Settlement Class, each as provided for in this Order.[1]

3. **<u>Conditional Certification for Settlement Purposes</u>:** For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is conditionally certified as follows:

> All individuals who used a credit card issued for consumer credit purposes to purchase goods or services from one of Defendant's retail stores (either in person or over the phone) in the State of Massachusetts between June 3, 2009 and April 22, 2015, and whose ZIP code was requested and recorded by Defendant for any reason other than for shipping, installation, or delivery purposes.

Plaintiffs Emily Rich and Michael Pietrantonio are conditionally certified as Class Representatives of the Settlement Class defined above, and D. Greg Blankinship and the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; Kim E. Richman and the law firm of Reese Richman LLP; and Joseph J. Siprut and the law firm of Siprut PC are appointed as Class Counsel. This conditional certification of the Settlement Class and Class Representatives, and appointment of Class Counsel, are solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal arguments that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the Motion and supporting materials, the Court conditionally finds that the proposed Settlement Class satisfies Federal Rule of Civil Procedure 23 in that:

---

[1] For purposes of this Order, "Notice Package" shall mean: (1) the Claim Form; (2) the Class Notice; (3) the Publication Notice; and (4) the Summary In-Store Notice, which are attached as Exhibits A, B, G, and H, respectively, to the Settlement Agreement.

a. The Settlement Class is so numerous that joinder of all persons who fall within the Settlement Class definition is impracticable;

b. There are questions of law and fact common to the Settlement Class;

c. The claims of the Class Representatives are typical of the claims of the Settlement Class; and

d. The Class Representatives will fairly and adequately protect the interests of the Settlement Class and they are represented by qualified counsel who are competent to represent the Settlement Class.

The Court further conditionally finds that the proposed Settlement Class satisfies Federal Rule of Civil Procedure 23(b)(3), which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. **Final Approval Hearing**: A Final Approval Hearing shall take place before the undersigned, the Honorable Mark G. Mastroianni, at 11:00 a.m. on September 9, 2015 at the United States District Court for the District of Massachusetts, Springfield Division, Hampden Courtroom, 300 State Street, Springfield, Massachusetts 01105 to determine:

a. whether the Court should finally certify the Settlement Class and whether the Class Representatives and Class Counsel have adequately represented the Settlement Class;

b. whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

c. whether the Released Claims of the Settlement Class Members in this Action should be dismissed with prejudice;

   d. whether the application for attorney's fees and costs submitted by Class Counsel and the application for incentive awards submitted by Class Representatives should be approved; and

   e. such other matters as the Court may deem necessary or appropriate.

5. **Approval with Modifications:** The Court may finally approve the proposed Settlement Agreement at or after the Final Approval Hearing with any modifications agreed to by Defendant and the Class Representatives and without further notice to the Settlement Class.

6. **Right to Object and Appear:** Any putative Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement or to any term of the Settlement may file an objection no later than August 10, 2015. Only putative Settlement Class Members who have not timely and properly provided notice of an election to opt out of the Settlement Class and the proposed Settlement in the manner set forth below may file an objection. To object, a putative Settlement Class Member must file a written objection with the Court, with copies delivered or postmarked to Class Counsel and Defendant's counsel no later than August 10, 2015, as provided in the Class Notice. To be valid the objection must include the putative Settlement Class Member's complete name, address, telephone number, signature, a statement that the putative Settlement Class Member falls within the definition of the Class, and the reasons for the objection. The putative Settlement Class Member's address and telephone number may be redacted in the copy of the objection that is filed with the Court. Any putative Settlement Class Member who has not timely and properly provided notice of an election to opt out of the Settlement Class and the proposed Settlement may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, provided the putative Settlement Class Member makes a written

request to appear at the Final Approval Hearing to the Court, with copies delivered or postmarked to Class Counsel and Defendant's counsel no later than August 10, 2015 as provided in the Class Notice.

7. **Notice and Settlement Administrator.** The notices substantially in the form of Exhibits B, G and H to the Settlement Agreement are hereby approved. The Court finds that publication notice through an advertisement in the Massachusetts edition of USA Today, posting notice in Lowe's Massachusetts stores, and posting notice on the Settlement Administrator's website are appropriate methods for reaching the putative Settlement Class Members as their names and addresses are unknown to Defendant. The Court further finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Settlement under Federal Rule of Civil Procedure and the Due Process Clause of the United States Constitution. The Court also approves the Claim Form attached as Exhibit A to the Settlement Agreement. The Court finds that the Notice Package fairly and adequately (i) describes the nature of the Action and the claims, issues, and defenses involved therein; (ii) sets forth the definition of the proposed Class; (iii) describes the terms and effect of the Settlement Agreement and of the Settlement; (iv) informs the Class of the binding effect of the proposed Settlement on members of the Class; (v) gives notice to the Class of the time and place of the Final Approval Hearing; and (vi) notifies the members of the Class of their right to appear through an attorney and/or to request exclusion from the Class, including a description of the time and manner of requesting exclusion or objecting to any of the relief requested.

The Court approves the parties' selection of Kurtzman Carson Consultants LLC as the Settlement Administrator. The costs of providing notice shall be paid as set forth in the Settlement Agreement, and the Parties are directed to implement the Notice Package no later than twenty-one (21) days after the entry of this Order, as set forth in the Settlement Agreement. Not later than

fourteen (14) days prior to the Final Approval Hearing, the Parties shall file with the Court declaration(s) confirming that the Notice Package has been provided in accordance with this Order.

8. **Cy Pres Recipient.** The Court preliminarily approves the Parties' proposal that unclaimed funds from the Gift Card Fund shall be paid to Habitat for Humanity International, which will retain 11% of the funds for unrestricted use and disburse the remainder to one or more Massachusetts affiliates.

9. **CAFA Notice.** The Court finds that Defendant, having sent notices of the proposed Settlement to the United States Attorney General, and the attorneys general of the several states and the District of Columbia, which contained the information required by 28 U.S.C. § 1715(b) within ten (10) days of the filing of the proposed Settlement with this Court, has complied with the notice requirements of 28 U.S.C. § 1715.

10. **Ability of Class Members to Opt Out.** To be excluded from the Settlement Class, putative Settlement Class Members must send a letter or an Election Not to Participate in Settlement form by mail, signed by the putative Settlement Class Member, and providing all required information. To be considered timely, the letter or completed Election Not to Participate in Settlement form must be postmarked no later than August 10, 2015 (the "Opt Out Deadline"). Prior to the Final Approval Hearing, Class Counsel shall file an Affidavit or Declaration from the Settlement Administrator attaching a final list of all opt out requests filed by the Opt Out Deadline.

> Any putative Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be included in such Settlement Class and, if the proposed Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such person shall have objected to the Settlement and whether or not such person submitted a Claim Form or received a Gift Card.

11. **Appearance by Settlement Class Member.** Any Settlement Class Member may enter an appearance in this litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

12. **Discovery and Other Litigation Activity**. All discovery and other litigation activity in this Action is hereby stayed pending a decision on Final Approval of the Settlement Agreement.

13. **No Admission.** The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability or violation by Defendant, which vigorously denies all of the claims and allegations raised in the Action.

14. **Settlement Subject to Final Approval.** In the event that final approval of the Settlement Agreement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the status quo ante, and all Orders issued pursuant to the Settlement and preliminary and final approval process shall be rendered null and void and be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge